John Bento Tavarres
vs.                              W. C. A. No. 982.
R. H. Haffenreffer

March 3, 1930.

BAKER, J. Heard on petition under the Compensation Act.

That the accident happened in the course of and out of the employment and that proper notice was given is not seriously questioned by the defendant. His claim is that the injuries suffered by the petitioner were not caused by and were not the result of the accident.

The testimony discloses that the petitioner, on or about January 18, 1929, while placing fresh plaster over some wire lathing on a low ceilinged room, was injured by having some fresh plaster enter one of his eyes. An immediate attempt was made by one of his fellow workmen to remove this plaster and undoubtedly the larger portion, if not all of it was taken from the eye. Petitioner worked a day or two longer but immediately began to suffer from the eye which became painful and inflamed. After some little time he consulted various doctors and was treated at the Rhode Island Hospital, and at the Truesdale Hospital in Fall River. Finally, about December 16, 1929, his eye was removed. On this date and for some considerable time prior thereto he had been suffering from glaucoma of the eye in question.

The defendant argues that the petitioner had chronic glaucoma of the

eye and that the accident had nothing to do with this condition. The petitioner, however, contends that the injury to and the condition of his eye were the direct result of the accident.

Various doctors testified in this case and in many ways their evidence is in conflict, and undoubtedly a very close question is presented for the determination of the Court.

It seems clear that the lime or plaster entering the eye did not cause any burn. Such an injury would be immediately apparent and it is undisputed that there was on the eye no such scar as would be the result of such an injury. The question would appear to be whether the entry of the plaster into the eye accelerated and aggravated any condition of glaucoma then in the eye or whether it in itself caused the glaucoma to develop.

The evidence shows that the petitioner had never had any pain or trouble from his eyes prior to the accident, and apparently had never even had his eyes examined. Even assuming for the purpose of argument that glaucoma was slowly developing in the injured eye, it certainly does not appear to be an unreasonable assumption that such an injury as is disclosed by the evidence would undoubtedly accelerate the development of that disease.

*Desrochers* vs. *Atwood - Crawford Co.*, 47 R. I. 116.

Further, one of the physicians called by the defendant, testified that glaucoma can be caused by a trauma if the latter be sufficiently severe. Another doctor, also testifying for the defendant, said that a trauma may be a secondary cause of glaucoma in that it may produce a condition of the eye which later develops into or brings about glaucoma. Apparently there is no very close relation between a trauma and chronic or acute primary glaucoma but there may be as to secondary glaucoma.

The Court is satisfied that in this case there was a reasonably severe trauma. The fresh plaster did not merely fall into the eye but apparently was flicked with considerable force from the trowel or from one of the protruding wires upon which the plaster was being laid.

After careful consideration the Court has come to the conclusion and finds that the petitioner has sustained the burden of proving the causal connection of the accident with the injuries suffered by him.

The evidence does not disclose with any certainty doctors' bills covering the first eight weeks following the accident. The Court finds that the petitioner is entitled to be allowed a hospital bill of $144, being the expenses of his second and third visits to the Truesdale Hospital, the first visit having nothing to do with the condition of his eye but for another trouble.

The Court also finds that under the Act the petitioner is entitled to a payment of $9 for 50 weeks for the loss of his eye, his average weekly earnings being $18 per week, and also to a further payment of $9 per week from the time of the accident until further order of the Court, for partial disability.

For petitioner: Michael Pedro.
For respondent: Wm. A. Gunning.